**1911-CC00911**

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. CHARLES, MISSOURI
ELEVENTH JUDICAL CIRCUIT

| | | |
|---|---|---|
| DIANA KNIPSCHIELD, on behalf of | ) | |
| herself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CIOX HEALTH, LLC. | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
| CSC-Lawyers Incorporating Service | ) | Cause No. |
| Company | ) | |
| 221 Bolivar Street | ) | JURY TRIAL DEMANDED |
| Jefferson City, MO 65101 | ) | |
| | ) | |

**PLAINTIFF'S CLASS ACTION PETITION**

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

THE PARTIES...................................................................................................................... 1

    Plaintiff .......................................................................................................................... 1

    Defendant...................................................................................................................... 1

JURISDICTION AND VENUE .......................................................................................... 2

FACTUAL ALLEGATIONS REGARDING CIOX'S LIABILITY........................................... 2

    OVERVIEW OF AUTHORIZED FEES FOR REQUESTED MEDICAL RECORDS
    PURSUANT TO HIPAA AND THE HITECH ACT.................................................. 3

    FACTUAL ALLEGATIONS REGARDING CIOX'S LIABILITY........................................ 7

CLASS ACTION ALLEGATIONS ..................................................................................... 10

COUNT I: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES ............... 13

COUNT II: VIOLATION OF THE MMPA BY MEANS OF DECEPTION ............................ 16

COUNT III: FRAUDULENT MISREPRESENTATION ......................................................... 18

COUNT IV: NEGLIGENT MISREPRESENTATION............................................................. 19

COUNT V: UNJUST ENRICHMENT.................................................................................. 21

COUNT VI: MONEY HAD AND RECEIVED...................................................................... 22

PRAYER FOR RELIEF ...................................................................................................... 23

JURY DEMAND ................................................................................................................ 23

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

PLAINTIFF DIANA KNIPSCHIELD ("Plaintiff"), on behalf of herself and all others similarly situated, files this petition against Defendant Ciox Health, LLC ("Ciox") as follows based on personal knowledge as to her own actions and on information and belief, based on the investigation of counsel, as to Ciox's conduct and practices.

## INTRODUCTION

1.      Plaintiff brings this class action individually and on behalf of a Class of similarly situated individuals (referred to collectively as "Class Members") who were overcharged by Ciox after requesting copies of their electronic medical records from their medical providers.

2.      Ciox's actions as alleged violate the Missouri Merchandising Practices Act ("MMPA"), § 407.010 *et seq*, by means of unfair practices and deception, constitute fraudulent and negligent misrepresentation, and violate the equitable doctrines of unjust enrichment and money had and received.

## THE PARTIES

### Plaintiff

3.      Plaintiff Diana Knipschield is a resident of St. Charles County and a citizen of the State of Missouri. During the relevant class period, beginning five years before the filing of this Petition, she was overcharged by Defendant Ciox Health, LLC after requesting copies of her electronic medical records.

### Defendant

4.      Defendant Ciox Health, LLC is a Georgia corporation, with its principal place of business at 925 North Point Parkway, Suite 350, Alpharetta, GA 30005. Ciox is registered to do

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

business in Missouri and its registered agent is CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, MO 65101.

## JURISDICTION AND VENUE

5.      The Circuit Court of St. Charles has subject matter jurisdiction over this action and personal jurisdiction over Ciox because the actions complained of regarding Plaintiff's injuries took place in St. Charles County. Mo Rev. Stat. § 407.025.1.

6.      Venue is proper in the Circuit Court of St. Charles County because the cause of action arose in St. Charles County. V.A.M.S. 407.025.1.

7.      This is a class action filed under Mo Rev. Stat. § 407.025.3(6) and Missouri Supreme Court Rule of Civil Procedure 52.08(b)(2) with respect to the claim for injunctive relief and pursuant to Mo. Rev. Stat. § 407.025.3(7) and Rule 52.08(b)(3) with respect to the claim for actual damages.

## FACTUAL ALLEGATIONS REGARDING CIOX'S LIABILITY

8.      Ciox provides Release of Information ("ROI") services for medical providers by processing and fulfilling requests that medical providers receive for their patients' private health information ("PHI"), including medical records.

9.      Ciox states on its website: "Three out of five hospitals, 16,000+ physician practices, and over 100 health plans are Ciox clients."[1]

10.      If a medical provider has contracted with Ciox for Release of Information services and a patient submits a request for medical records to such a medical provider, the invoice that the patient (or the patient's designated third party) receives in connection with the medical records is from Ciox.

---

[1] Available at https://www.cioxhealth.com/solutions/release-information (accessed 8/20/19).

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

11.     As set forth herein, the amount that Ciox is allowed to bill an individual for copies of his or her electronic medical records is limited by federal law, yet Ciox disregards the law and charges the patient a greater amount than is authorized.

**OVERVIEW OF AUTHORIZED FEES FOR REQUESTED MEDICAL RECORDS PURSUANT TO HIPAA AND THE HITECH ACT**

12.     The Health Information Technology for Economic and Clinical Health Act ("HITECH Act") was enacted under Title XIII of the American Recovery and Reinvestment Act of 2009. Its purpose was to "promote the adoption and meaningful use of health information technology" and it "addresses the privacy and security concerns associated with the electronic transmission of health information, in part, through several provisions that strengthen the civil and criminal enforcement of the HIPAA rules."[2]

13.     Pursuant to 45 CFR § 164.524(a)(1), "an individual has a right of access to inspect and obtain a copy of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set. . ." *See also* 42 U.S.C. § 17935(e)(1).

14.     If an individual requests a copy of his or her PHI from a covered entity (as defined below):

> the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of: (i) Labor for copying the protected health information requested by the individual, whether in paper or electronic form; (ii) Supplies for creating the paper copy or electronic media if the individual requests that the electronic copy be provided on portable media; (iii) Postage, when the individual has requested the copy, or the summary or explanation, be mailed; and (iv) Preparing an explanation or summary of the protected health information, if agreed to by the individual as required by paragraph (c)(2)(iii) of this section.

45 CFR §164.524(c)(4).

---

[2] *See* "HITECH Act Enforcement Interim Final Rule," available at https://www.hhs.gov/hipaa/for-professionals/special-topics/hitech-act-enforcement-interim-final-rule/index.html?language=es (accessed 8/20/19).

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

15.      Covered entities include a health plan, a health care clearinghouse, and health care providers. 45 C.F.R. § 160.103.

16.      The United States Department of Health & Human Services ("HHS") recognizes that health care providers "do not carry out all of their health care activities and functions by themselves" but use the services of other persons or businesses, known as "business associates."[3] Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), covered providers may disclose protected health information to "business associates" if they "obtain satisfactory assurances that the business associate will use the information only for the purposes for which it was engaged by the covered entity, will safeguard the information from misuse, and will help the covered entity comply with some of the covered entity's duties under the Privacy Rule." *Id.*

17.      A business associate contract between the covered entity and business associate must provide that the business associate will "[m]ake available protected health information in accordance with §164.524." 45 CFR § 164.504(e)(2)(ii)(E).

18.      Individuals have the right to have their PHI sent directly to a third party. Accordingly, all of the provisions that apply when an individual obtains access to his or her PHI apply when he or she directs a covered entity to send the PHI to a third party. *See* 45 CFR § 524(c)(3)(ii); 42 U.S.C § 17935(e)(1).

19.      A covered entity has 30 days after receipt of a request for access to act on the request. 45 CFR § 164.524(b)(2).

---

[3] *See* "Business Associates- 45 CFR 164.502(e), 164.504(e), 164.532(d) and (e)," available at https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/business-associates/index.html (accessed 8/20/19) (defining a "business associate" as "a person or entity that performs certain functions or activities that involve the use or disclosure of protected health information on behalf of, or provides services to, a covered entity"); *see also* 45 C.F.R. § 160.103.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

20.     When a covered entity "provides an individual with access, in whole or in part, to protected health information, the covered entity must … provide the individual with access to the protected health information in the form and format requested by the individual …," which includes in an electronic format. *See* 45 CFR 164.524(c)(2)(i); 42 U.S.C. § 17935(e)(1).

21.     On or about February 25, 2016, HHS issued "Access Guidance," applicable to covered entities and business associates, which clarified what reasonable cost-based fees could be assessed when an individual requests his or her electronically stored PHI in electronic format.[4]

22.     The "Access Guidance" provides: "The fee may not include costs associated with verification; documentation; searching for and retrieving the PHI; maintaining systems; recouping capital for data access, storage, or infrastructure; or other costs not listed above even if such costs are authorized by state law." *Id*.

23.     HHS clarified: "Labor for copying *includes only* labor for creating and delivering the electronic or paper copy in the form and format requested or agreed upon by the individual, once the PHI that is responsive to the request has been identified, retrieved or collected, compiled and/or collated, and is ready to be copied." *Id*. (emphasis in original).

24.      HHS provided three acceptable methods under HIPAA's privacy rules that can be used to calculate the reasonable fee to be charged for providing copies of an individual's PHI: actual costs, average costs, or a flat fee. *Id*.

25.     Under the "Actual costs," method:

A covered entity may calculate *actual* labor costs to fulfill the request, as long as the labor included is *only* for copying (and/or creating a summary or explanation if the individual chooses to receive a summary or explanation) and the labor rates

---

[4] *See* "Individual's Right under HIPAA to Access their Health Information 45 CFR § 164.524," available at https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html (accessed 8/20/19).

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

used are reasonable for such activity. The covered entity may add to the actual labor costs any applicable supply (e.g., paper, or CD or USB drive) or postage costs.

*Id*. (emphasis in original).

26.     Under the "Average costs" method:

In lieu of calculating labor costs individually for each request, a covered entity can develop a schedule of costs for labor based on average labor costs to fulfill standard types of access requests, as long as the types of labor costs included are the ones which the Privacy Rule permits to be included in a fee (e.g., labor costs for copying *but not* for search and retrieval) and are reasonable. Covered entities may add to that amount any applicable supply (e.g., paper, or CD or USB drive) or postage costs.

*Id*. (emphasis in original).

27.     An entity that chooses to calculate actual costs or average costs must inform the individual in advance of the approximate fee that may be charged for providing the copy requested. *Id*.

28.     The average cost "can be calculated and charged as a per page fee <u>only</u> in cases where the PHI requested is maintained in paper form and the individual requests a paper copy of the PHI or asks that the paper PHI be scanned into an electronic format. Per page fees are <u>not</u> permitted for paper or electronic copies of PHI *maintained electronically*." *Id*. (emphasis in original).

29.     Accordingly, charging "per page fees for copies of PHI maintained electronically" is not reasonable for purposes of 45 CFR 164.524(c)(4). *Id*.

30.     The final method is "Flat fee for electronic copies of PHI maintained electronically," which provides: "A covered entity may charge individuals a flat fee for all requests for electronic copies of PHI maintained electronically, provided the fee does not exceed $6.50, inclusive of all labor, supplies, and any applicable postage." *Id*.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

31.     To the extent a conflict exists between state and federal laws concerning an individual's right of electronic access to PHI, HIPAA's electronic right of access requirements preempt the contrary state law unless such law is more stringent.[5]

## FACTUAL ALLEGATIONS REGARDING CIOX'S LIABILITY

32.     Ciox represents that it offers "HIPAA-compliant release of information solutions."[6] Yet, as set forth herein, Ciox charges individuals more in connection with their requests for copies of their electronic medical records than it is authorized to charge pursuant to HIPAA and the HITECH Act.

33.     On April 23, 2019, Plaintiff requested a copy of her medical records from BJC Medical Group ("BJC"). *See* Ex. A. The request was related to a claim that she had for social security benefits.

34.     Plaintiff's request was in writing and specifically asked for: "… any and all of my medical records (see attached letter for specific request)." *Id*. Her request asked for the records in electronic format only and that they be provided to her attorney, Helene J. Frischer. *Id*. It also set forth Ms. Frischer's address and was signed and dated by Plaintiff. *Id*.

35.     The attached letter referenced in Plaintiff's request was on her attorney's letterhead and was addressed to Dr. Jamie Tueth, DO, BJC Medical Group, 20 Progress Point Parkway, O'Fallon, MO 63368. *Id*. The letter forwarded Plaintiff's request for her medical records, and asked BJC to forward to Ms. Frischer "copies of ALL TREATMENT NOTES AND OTHER MEDICAL RECORDS … generated by your facility, for this date range: **6-28-18 to present**." *Id*.

---

[5] *See* Federal Register, Vol. 78, No. 17, published January 25, 2013, at 5253-5706, available at https://www.govinfo.gov/content/pkg/FR-2013-01-25/pdf/FR-2013-01-25.pdf (accessed 8/21/19).
[6] *See* "Release of Information," available at https://www.cioxhealth.com/solutions/release-information (accessed 8/23/19).

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

36.     The attached letter further stated that Plaintiff requests that Ms. Frischer receive the records in electronic format only. *Id*.

37.     On information and belief, at all relevant times, BJC, via itself or Ciox, maintained Plaintiff's PHI in electronic format.[7]

38.     BJC contracted with Ciox to fulfill requests for electronic copies of PHI. Accordingly, Plaintiff's request for her PHI was forwarded to Ciox for processing and completion.

39.     Ciox was a business associate of BJC and was authorized to access Plaintiff's PHI.

40.     As a business associate of BJC, a covered entity, Ciox's contract with BJC was required to provide that Ciox would "[m]ake available protected health information in accordance with §164.524." 45 CFR 164.504(e)(2)(ii)(E); *see also* 42 U.S.C. § 17938.

41.     On May 1, 2019, BJC responded to Ms. Frischer's law firm, the Law Office of Leslie B. Yoffie, based on the request for Plaintiff Knipschield's records. *See* Ex. B. BJC's letter stated that it was unable to process the request because the patient "did not receive services on the service date(s) requested." *Id*. Accordingly, no records were scanned in from paper copies, given that no records were produced.

42.     On May 1, 2019, Ciox delivered an invoice in its name with the invoice number 0272898080 to Leslie B. Yoffie. *See* Ex. C.

43.     The invoice required payment within 30 days. *Id*.

---

[7] BJC's website for Plaintiff Knipschield's medical providers has a heading entitled "myChart." Available at https://www.bjcmedicalgroup.org/Practices?PracticeID=158 (accessed 9/17/19). Clicking on the "myChart" heading takes an individual to a different webpage, which states: "Access Your Medical Record with MyChart" and that "MyChart offers patients personalized and secure online access to portions of their medical records." Available at https://www.bjc.org/mychart (accessed 9/17/19).

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

44.    The Basic Fee on the invoice was $25.34, the Per Page Copy was $.58, and the Electronic Data Archive Fee was $2.00, for a total Balance Due of $27.92. *Id*.

45.    As set forth above, per page fees are not permitted for electronic copies of PHI that are maintained electronically. Accordingly, they are unreasonable charges.

46.    The invoice did not inform Plaintiff that any records at issue were not maintained in electronic format. *Id*. Prior to sending the invoice, Ciox did not contact Plaintiff to inform her of additional charges.

47.    The invoice did not enumerate actual labor costs to fulfill Plaintiff's request or any supply costs. *Id*.

48.    The invoice did not include the amount of time expended in connection with the request. *Id*.

49.    Given that no records were produced, Ciox could not have been attempting to charge Plaintiff actual costs for the production of her PHI. Regardless, Ciox did not inform Plaintiff in advance of any actual or approximate fees that may be charged.

50.    The invoice did not outline any average costs in lieu of calculating labor costs individually. *Id*.

51.    Ciox knew that charging a per page fee was unreasonable as far back as October 28, 2013, as shown by a posting regarding HIPAA on its own website.[8] The post stated in part:

> The HITECH Act added a new section about pricing of medical records; it applies to those records which are stored electronically (in an EHR or EMR[9]) and which the patient chooses to receive electronically. The price covers only labor for

---

[8] At the time, Ciox operated under the name HealthPort Technologies, LLC. The webpage, captured on October 28, 2013, is available at the Internet Wayback Machine at https://web.archive.org/web/20131028092645/http://www.healthport.com/health-information-insights/IndustryTopics/hipaa-news-and-updates/healthport-and-hipaa.aspx (accessed 9/6/19).

[9] "EHR" refers to the term "electronic health record" and "EMR" refers to the term "electronic medical record." *See* "EMR vs EHR – What is the Difference?" Available at https://www.healthit.gov/buzz-blog/electronic-health-and-medical-records/emr-vs-ehr-difference (accessed 9/17/19).

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

producing the record electronically, the price of the electronic medium itself, postage (if a CD or other medium is mailed), and applicable tax (if any).

52.     As set forth above, Ciox's charge of $27.92 was unreasonable and in direct violation of 45 CFR §164.524(c)(4).

53.     Ciox knew or should have known that its billing practice of charging more than $6.50 in connection with requests for electronic medical records was unreasonable and in violation of 45 CFR § 164.524(c)(4).

54.     Because Ciox did not calculate its actual charges and average charges and failed to inform Plaintiff in advance of any associated charges to copy her PHI to electronic format, and ultimately produced no records, the most Ciox could reasonably charge Plaintiff in connection with her request was $6.50.

55.     Any and all state laws that may provide Ciox an ability to charge Plaintiff in excess of six dollars and fifty cents ($6.50) are pre-empted by HIPAA and the HITECH Act.

56.     On May 22, 2019, Ciox's invoice in the amount of $27.92 was paid by the Law Office of Leslie B. Yoffie. Ex. D.

57.     Ciox received and deposited the check in the amount of $27.92 from the Law Office of Leslie B. Yoffie by May 31, 2019. *Id.*

58.     Plaintiff reimbursed the Law Office of Leslie B. Yoffie for this $27.92 on June 10, 2019 as a case cost in connection with her social security matter pursuant to her contractual agreement with her counsel.

## CLASS ACTION ALLEGATIONS

59.     **The Class.** Plaintiff brings this action on her own behalf and as a class action on behalf of all individuals in Missouri who requested electronic copies of their medical records from their medical providers who have been and will be harmed by Ciox's actions in billing

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

more than the legally allowed amounts as described herein ("the Class"), as well as a Subclass of Members in Missouri who requested electronic copies of their medical records from their medical providers for personal, family, or household purposes ("MMPA Subclass").

60.     Specifically, Plaintiff seeks to represent the following Class:

> All individuals in Missouri who requested electronic copies of their medical records from their medical providers within the applicable period of limitations and who, based on an invoice from Ciox that exceeded what Ciox was authorized to charge pursuant to HIPAA and the HITECH Act, paid an amount in excess of what they were authorized to be charged pursuant to HIPAA and the HITECH Act.

> ("Class").

> All Class Members within the State of Missouri whose requests for medical records from their medical providers were for personal, family, or household purposes.

> ("MMPA Subclass").

> Excluded from the Class are officers, directors and employees of Ciox, counsel and members of the immediate families of counsel for Plaintiff herein, and the judge presiding over this action and any member of the judge's immediate family.

61.     This action is properly maintainable as a class action under Missouri Supreme Court Rule 52.08.

62.     Plaintiff reserves the right to re-define the Class prior to class certification.

63.     **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Ciox.

64.     **Common Questions of Law and Fact and Predominance.** Numerous questions of law and fact are common to Plaintiff and the Class Members and predominate over any individual questions. Such common legal and factual questions include, but are not limited to:

> a.   Whether Ciox has charged individuals who have requested electronic copies of their medical records more than is authorized pursuant to HIPAA and the HITECH Act;

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

b.  Whether Ciox informs individuals who have requested electronic copies of their medical records in advance of any approximate fee that they are charging for providing copies of the requested records;

c.  Whether Ciox knew and/or recklessly disregarded the amounts that it was allowed to charge individuals for the requested electronic copies of their medical records;

d.  What process or system Ciox uses to determine the amount to bill individuals for the requested copies of their electronic medical records;

e.  Whether Ciox's overcharging individuals for requested copies of their electronic medical records is unfair and/or deceptive in violation of Mo. Rev. Stat. § 407.020;

f.  Whether as a result of overcharging individuals for requested copies of their electronic medical records Ciox has received excessive amounts of money from such individuals;

g.  Whether Ciox's actions described herein constitute fraudulent or negligent misrepresentation;

h.  Whether Ciox's actions described herein constitute unjust enrichment or money had and received; and

i.  Whether Plaintiff and the Class are entitled to compensatory and statutory damages and the amount of such damages based on Ciox's acts or practice of overcharging individuals in connection with their requests for copies of their electronic medical records.

65.    **Typicality.** Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members have suffered damages as a result of Ciox's actions and practices alleged herein.

66.    **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

67.     Plaintiff and counsel are committed to prosecuting this action vigorously on behalf of the Class and do not have any interests that are contrary to or in conflict with those of the Class they seek to represent.

68.     A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

69.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action.

70.     Absent a class action, the vast majority of Class Members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Ciox and be made whole.

71.     Class treatment will conserve the resources of the courts and the litigants and further efficient adjudication of Class Member claims.

## COUNT I: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES
### (Plaintiff and the MMPA Subclass)

72.     Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Petition, and further alleges as follows:

73.     The actions of Ciox alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*, because they constitute unfair practices.

74.     The MMPA, Mo. Rev. Stat. § 407.020, states in relevant part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

75.     Plaintiff, on behalf of herself and all others similarly situated in Missouri, is entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant part that:

> 1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.
>
> 2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

76.     The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services. Mo. Rev. Stat. § 407.010. Thus, the services that Ciox provides relating to searching for and producing of medical records constitutes merchandise.

77.     In charging individuals who have requested medical records based on its searches and/or production of records, Ciox is engaging in the sale of merchandise in trade or commerce.

78.     Plaintiff and the MMPA Subclass requested copies of their medical records for personal, family, or household purposes and were charged in excess of what Ciox was authorized to charge pursuant to HIPAA and the HITECH Act.

79.     The Missouri Attorney General has promulgated a regulation defining the meaning of unfair practices as used in the MMPA. That definition states that it is an unfair

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

practice to "engage in any method, use or practice which-- (A) Violates state or federal law intended to protect the public." Mo. Code Regs. tit. 15, § 60-8.090.

80.    Missouri case law provides that the MMPA's "literal words cover *every practice imaginable and every unfairness to whatever degree*." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. 2014) (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001). Furthermore, the statute's "plain and ordinary meaning of the words themselves ... are unrestricted, all-encompassing and exceedingly broad." *Id.* at 240.

81.    Pursuant to the MMPA, Ciox has a duty not to engage in any unfair practice in connection with the sale of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

82.    Charging more in connection with requests for electronic medical records than Ciox is authorized to charge pursuant to HIPAA and the HITECH Act is unfair and constitutes engaging in a method, use or practice which violates a federal law intended to protect the public. As set forth above, these laws are intended to protect the public by enabling individuals to obtain their medical information and records and to preserve the privacy thereof.

83.    Plaintiff and the MMPA Subclass thereby suffered ascertainable loss based on Ciox's unfair acts or practice by paying the amounts charged by Ciox in connection with their requests for copies of their electronic medical records, which exceeded the amounts that Ciox was authorized to charge pursuant to HIPAA and the HITECH Act. Had Ciox not violated the law, Plaintiff and the MMPA Subclass would have paid less in connection with their requests for their medical records.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

84.    Ciox's acts and practices alleged herein have directly, foreseeably, and proximately caused loss, damages, and injury to Plaintiff and the MMPA Subclass in an amount to be determined at trial.

85.    Ciox's unfair acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous, and were done in reckless indifference to the rights of Plaintiff and the MMPA Subclass.

86.    WHEREFORE, Plaintiff and the MMPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT II: VIOLATION OF THE MMPA BY MEANS OF DECEPTION
### (Plaintiff and the MMPA Subclass)

87.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows:

88.    The actions of Ciox alleged herein violated, and continue to violate, the MMPA because they constitute deception.

89.    Mo. Rev. Stat. § 407.020.1 prohibits "[t]he act, use or employment by any person of any … deception … in connection with the sale or advertisement of any merchandise in trade or commerce."

90.    The Missouri Attorney General has promulgated a regulation defining the meaning of deception as used in the MMPA. That definition states that deception is any "method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression." Mo. Code Regs. Ann. tit. 15, § 60-9.020.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

91.     Pursuant to the MMPA, Ciox has a duty not to engage in any deception in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

92.     Ciox's charging more in connection with individuals' requests for electronic medical records than is authorized pursuant to HIPAA and the HITECH Act constitutes deception under the MMPA, because this act or practice has the tendency or capacity to mislead, deceive, cheat, and/or create a false impression.

93.     Specifically, Ciox's act or practice of charging more in connection with individuals' requests for electronic medical records than is authorized pursuant to HIPAA and the HITECH Act has the tendency to create a false impression and mislead individuals who requested their records as to the amount that Ciox is authorized to charge, and to deceive and cheat such individuals into paying more than Ciox is authorized to charge.

94.     Plaintiff and the MMPA Subclass suffered ascertainable loss based on Ciox's deception by paying the amounts charged by Ciox in connection with their requests for copies of their electronic medical records, which exceeded the amounts that Ciox was authorized to charge pursuant to HIPAA and the HITECH Act. Had Ciox not violated the law, Plaintiff and the MMPA Subclass would have paid less in connection with their requests for their medical records.

95.     Ciox's deceptive acts and practices have directly, foreseeably, and proximately caused loss, damages and injury to Plaintiff and the MMPA Subclass.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

96.     Ciox's deceptive acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and the MMPA Subclass.

97.     WHEREFORE, Plaintiff and the MMPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT III: FRAUDULENT MISREPRESENTATION
### (Plaintiff and the Class)

98.     Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows:

99.     Plaintiff and Class Members requested their electronic medical records from their medical providers.

100.    In connection with their requests, Ciox created invoices with the intent that Plaintiff and Class Members rely on the amounts set forth in the invoices.

101.    Based on its invoices that exceeded $6.50, Ciox represented to Plaintiff and Class Members that they must pay in excess of $6.50 in connection with their requests for their electronic medical records.

102.    Ciox's representations setting forth the amounts due in the invoices were material to Plaintiff and Class Members in paying their invoices and were false, misleading, and deceptive in charging more than $6.50 for its services when it was prohibited under federal law from doing so.

103.    As set forth above, Ciox knew that billing more than $6.50 in connection with Plaintiff and Class Members' requests for their electronic records violated 45 CFR § 164.524(c)(4), and that it was therefore charging more than it was authorized to charge.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

104.    At the time that they made their payments in connection with Ciox's invoices, Plaintiff and Class Members were unaware that the invoices sent by Ciox exceeded what Ciox was authorized to charge.

105.    Plaintiff and Class Members relied on Ciox's invoices as accurate and lawful in making payments to satisfy the invoices, and it was their right to rely on these invoices that Ciox created in connection with their requests for records as providing the basis for the amounts that they paid.

106.    Ciox profited from its practice of charging Plaintiff and Class Members more than authorized pursuant to HIPAA and the HITECH Act.

107.    Ciox reasonably foresaw that its invoices would be paid by or on behalf of Plaintiff and Class Members.

108.    Based on Ciox's false and material representations as set forth herein, Plaintiff and Class Members have suffered damages by paying in excess of $6.50 in connection with their requests for electronic medical records. Accordingly, Ciox's fraudulent misrepresentations have directly, foreseeably, and proximately caused loss, damages and injury to Plaintiff and the Class.

109.    Ciox's fraudulent misrepresentations were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and the Class.

110.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT IV: NEGLIGENT MISREPRESENTATION
#### (Plaintiff and the Class)

111.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows:

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

112.    In the course of Ciox's business it supplied information to Plaintiff and Class Members in the form of invoices that set forth the amounts due in connection with their requests for electronic medical records.

113.    At a minimum, Ciox failed to exercise reasonable care in determining the amount that it was allowed to charge in connection with Plaintiff and Class Members requests for electronic medical records, which resulted in Ciox creating invoices in amounts exceeding the $6.50 that it was authorized to charge pursuant to HIPAA and the HITECH Act.

114.    In creating and sending invoices that set forth specified amounts owed in connection with Plaintiff and Class Members' requests, Ciox intentionally provided information to guide Plaintiff and Class Members as to how much payment was required based on their requests for their electronic medical records.

115.    Plaintiff and Class Members justifiably relied on the amounts set forth in Ciox's invoices in paying these amounts, which exceeded the $6.50 that Ciox was authorized to charge.

116.    Ciox reasonably foresaw that its invoices would be paid by or on behalf of Plaintiff and Class Members.

117.    Because of Plaintiff and Class Members' reliance on the amounts set forth in Ciox's invoices, which exceeded what Ciox was authorized to charge pursuant to HIPAA and the HITECH Act, Plaintiff and Class Members have suffered damages by paying in excess of $6.50 in connection with their requests for electronic medical records. Accordingly, Ciox's failure to exercise reasonable care has directly, foreseeably, and proximately caused loss, damages and injury to Plaintiff and the Class.

118.    Ciox's misrepresentations were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and the Class.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

119.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT V: UNJUST ENRICHMENT
**(Plaintiff and the Class)**

120.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows:

121.    Substantial benefits have been conferred upon Ciox from Plaintiff and Class Members by Plaintiff and Class Members paying amounts exceeding what Ciox was authorized to charge in connection with their requests for electronic medical records, based on Ciox sending invoices in amounts exceeding what they were authorized to charge pursuant to HIPAA and the HITECH Act. Ciox has knowingly and willingly accepted and enjoyed the benefits of its over-charging individuals in connection with their requests for medical records.

122.    Ciox either knew or should have known that it was charging more than was authorized pursuant to HIPAA and the HITECH Act, and that it was therefore accepting money in amounts exceeding what it was authorized to accept.

123.    For Ciox to retain the benefit of the money it received from such overcharging under these circumstances is inequitable.

124.    Ciox's acceptance and retention of these benefits under the circumstances make it inequitable for Ciox to retain these benefits without payment of the value to Plaintiff and the Class.

125.    Plaintiff and the Class are entitled to recover from Ciox all amounts wrongfully collected and improperly retained by Ciox based on its practice of overcharging in connection with requests for electronic copies of medical records.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

126.    As a direct and proximate result of Ciox's wrongful conduct and unjust enrichment, Plaintiff and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by Ciox, plus attorneys' fees, costs, and interest thereon.

127.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

**COUNT VI: MONEY HAD AND RECEIVED**
**(Plaintiff and the Class)**

128.    Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows:

129.    Ciox has received money from Plaintiff and the Class in connection with their requests for copies of their electronic medical records, which includes money that it received as a result of charging amounts in excess of what it was authorized to charge pursuant to HIPAA and the HITECH Act, that in equity and good conscience should be returned to Plaintiff and the Class.

130.    It is unjust for Ciox to accept and retain this money that it received based on charging more in connection with requests for Plaintiff's and Class Members' medical records than it was authorized to charge pursuant to HIPAA and the HITECH Act.

131.    Ciox should return to Plaintiff and Class Members the money that it received based on charging more than it was authorized to charge in connection with their requests for medical records.

132.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

Electronically Filed - St Charles Circuit Div - September 23, 2019 - 09:58 AM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, pray judgment against Ciox as follows:

1. Certifying the Class as requested herein;

2. Entering an order appointing Law Office of Richard S. Cornfeld, LLC as lead counsel for the Class;

3. Awarding actual damages against Ciox in an amount to be determined;

4. Awarding punitive damages against Ciox as the Court deems necessary or proper;

5. Awarding injunctive relief as permitted by law or equity, including a preliminary and permanent injunction enjoining Ciox from continuing the unlawful practices as set forth herein;

6. Awarding pre-judgment and post-judgment interest;

7. Awarding reasonable attorneys' fees and costs herein;

8. Awarding such other and further relief as the Court deems fit and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 23, 2019          Respectfully submitted,

                                   **LAW OFFICE OF RICHARD S. CORNFELD, LLC**

                                   By: */s/ Richard S. Cornfeld*
                                       Richard S. Cornfeld, MO Bar #31046
                                       Daniel S. Levy, MO Bar #66039
                                       1010 Market Street, Suite 1645
                                       St. Louis, MO 63101
                                       P. 314-241-5799
                                       F. 314-241-5788
                                       rcornfeld@cornfeldlegal.com
                                       dlevy@cornfeldlegal.com

                                       *Attorneys for Plaintiff*